UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MARK WINEMAN,

    Plaintiff,

v.

Case No. 11-12998

Hon. John Corbett O'Meara

CITY OF KEEGO HARBOR,
a municipal corporation, KEEGO
HARBOR POLICE OFFICER
ROBERT ALONZI, in his
individual capacity,

    Defendants.
_____/

## OPINION AND ORDER

Before the court are Defendant City of Keego Harbor's motion for summary judgment, filed March 21, 2012, and Defendant Robert Alonzi's motion for summary judgment, filed April 13, 2012. The court heard oral argument on June 21, 2012. At the hearing, the court granted the City of Keego Harbor's motion and took Alonzi's motion under advisement.

## BACKGROUND FACTS

This cases involves the constitutionality of a traffic stop and subsequent arrest. On July 18, 2008, Plaintiff Anthony Mark Wineman was driving northbound on Cass Lake Road in the City of Keego Harbor. Wineman's black Mercedes caught the attention of Keego Harbor Police Officer Robert Alonzi when it almost struck the curb. Officer Alonzi then ran a check of the license plate in his computer. He testified: "I noticed the vehicle appeared to be straddling within its lanes but nothing really definitive at that point." Def.'s Ex. 1 at 7. Officer Alonzi

pulled over to read Wineman's record, because it was "quite extensive." Id. He noticed that Wineman's drivers' license appeared to be suspended.

At that point, Officer Alonzi caught up with Wineman's vehicle and pulled him over. Officer Alonzi made clear that he pulled Wineman over because he believed his license to be suspended, not because of erratic driving. Id. at 18. When Officer Alonzi approached Wineman, he smelled alcohol on his breath. Wineman consented to a preliminary breath test, which registered 0.12. Officer Alonzi then arrested Wineman for operating a motor vehicle while intoxicated.

Wineman was charged with a felony operating while intoxicated, third offense, in Oakland County Circuit Court. On September 17, 2008, Wineman filed a motion to suppress the evidence obtained at the traffic stop. At an evidentiary hearing before Judge Edward Sosnick, it was pointed out that Wineman's license was not suspended at the time of the stop and that Officer Alonzi had read the computer record incorrectly. In addition, Judge Sosnick noted that patrol car audio and video of the stop revealed that Officer Alonzi checked with dispatch before he made the stop and was told that Wineman's license was not suspended. See October 8, 2008 Oakland County Circuit Court TR at 5.

In light of this information, Judge Sosnick suppressed the evidence obtained at the traffic stop and dismissed the OWI claim against Wineman, finding that Officer Alonzi did not have a reasonable basis to stop Wineman's vehicle. Wineman subsequently filed this action, alleging a Fourth Amendment claim against Officer Alonzi and the City of Keego Harbor pursuant to 42 U.S.C. § 1983.

**LAW AND ANALYSIS**

**I.     City of Keego Harbor**

The City of Keego Harbor seeks summary judgment, contending that Plaintiff cannot make a showing of municipal liability under § 1983.  Specifically, Keego Harbor argues, Plaintiff cannot demonstrate that a city custom or policy was the moving force behind the alleged constitutional violation.  See Monell v. Department of Social Serv., 436 U.S. 658, 691, 694 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994) ("It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983.").  Indeed, Plaintiff has failed to respond to the motion or otherwise make the necessary showing.  Accordingly, the court will grant the City of Keego Harbor's motion for summary judgment.

**II.    Officer Alonzi**

Officer Alonzi seeks summary judgment because he contends that he did not violate Plaintiff's Fourth Amendment rights and that he is entitled to qualified immunity.  "In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (citation omitted).  In determining whether Defendant is entitled to qualified immunity, the initial inquiry is as follows: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).  "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . The relevant, dispositive

inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-202.

Officer Alonzi argues that he did not violate Plaintiff's Fourth Amendment rights because his initiation of the traffic stop was reasonable. Officer Alonzi contends that he had probable cause to believe that Plaintiff committed a civil infraction (by almost striking the curb and "straddling within its lanes") and that he mistakenly believed that Plaintiff's license was suspended. Viewing the evidence in the light most favorable to Plaintiff, however, Officer Alonzi could not have made a mistake with respect to the status of Plaintiff's license, because he was told by dispatch that his license was not suspended. Officer Alonzi also testified that he did not pull Plaintiff over for driving erratically, but because of the suspended license. Moreover, Officer Alonzi's testimony that Plaintiff's vehicle was "straddling within its lanes" and almost struck the curb is not sufficient to establish a civil infraction. See United States v. Freeman, 209 F.3d 464, 466 (6th Cir. 2000) (one incident of motor home partially weaving into emergency lane insufficient to constitute probable cause of traffic violation or driving while intoxicated); see also United States v. Gregory, 79 F.3d 973, 978 (10th Cir. 1993) ("[I]f failure to follow a perfect vector down the highway or keeping one's eyes on the road were sufficient reasons to suspect a person of driving while impaired, a substantial portion of the public would be subject each day to an invasion of their privacy.").

Viewing the facts in the light most favorable to Plaintiff, Officer Alonzi did not have a reasonable basis to initiate the traffic stop, which violated the clearly established right of Plaintiff to be free of an unreasonable search and seizure. Officer Alonzi is not entitled to qualified immunity and the court will deny his motion.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that the City of Keego Harbor's March 21, 2012 motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Robert Alonzi's April 13, 2012 motion for summary judgment is DENIED.

                                             s/John Corbett O'Meara
                                             United States District Judge

Date:  June 22, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 22, 2012, using the ECF system.

                                             s/William Barkholz
                                             Case Manager